## Case No. 12,619.

SEDGWICK v. PLACE et al.

[3 Ben. 360; [1] 3 N. B. R. 139 (Quarto, 35).]

District Court, S. D. New York.   Aug., 1869.

BANKRUPTCY—RECEIVER—STATE ASSIGNEES—PRACTICE.

1. A bill was filed by an assignee in bankruptcy, to set aside an assignment made by the bankrupts when insolvent, and an injunction was granted, in pursuance of the prayer of the bill, restraining the assignees from, in any manner, interfering with the property covered by the assignment; and it appeared that the property consisted in part of claims against other persons, in part of moneys deposited, in part of moneys loaned on notes secured by merchandise, and in part of other property, and that the assignees had, in pursuance of an order of a state court, given security for the performance of the trusts of the assignment: Held, that a receiver should be appointed by this court.

2. The assignees had no right to invest the funds entrusted to them, in loans on notes secured by merchandise.

3. The security which the assignees had given, under the state laws of New York, was not available in this court.

4. The receiver should take possession of the property, collect all the collectible debts, and sell the merchandise, depositing his collections

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

in the United States Trust Company, as fast as they should reach an amount to be named.

5. The plaintiff would be appointed such receiver.

[This was a bill by John Sedgwick, assignee in bankruptcy of James K. Place and James D. Sparkman, against James K. Place and others. See Case No. 12,622.]

F. N. Bangs, for plaintiff.
W. M. Evarts, T. C. T. Buckley, and A. H. Wallis, for defendants.

BLATCHFORD, District Judge. The main object of the bill, in this case, is to set aside, as null and void, an assignment made by the bankrupts when insolvent, on the 23d of December, 1867, to the defendants, Lewis W. Burritt, Jr., and Thomas T. Sheffield, of all their property, joint and several, in trust, to convert it into money, and therewith to pay the joint and several debts of the assignors, without preference or priority, except as provided by the laws of the state of New York and of the United States; and also to obtain a decree that certain property, which the bill alleges was conveyed by the bankrupts in fraud of their creditors, prior to the making of such assignment, vested in the plaintiff, as assignee in bankruptcy, as against the defendants, notwithstanding the execution of the assignment of December 23d, 1867. The bill prays for a receiver, pending the suit, of the property transferred to, or in the possession of, the defendants, and of the proceeds thereof. The bill avers fraud in fact, and makes allegations which, uncontradicted, show that the property in question was assigned and conveyed by the bankrupts in fraud of their creditors, and with intent to hinder, delay, and defraud their creditors. An injunction has been issued by this court, in pursuance of a prayer in the bill, restraining the assignors and assignees from disposing of, or in any manner interfering with, the property or rights of action purporting to be conveyed, created or affected by the said assignment, and from setting up or asserting, as against the plaintiff, any title to or right of action for any property conveyed by the bankrupts prior to December 23d, 1867, in fraud of their creditors. The plaintiff now moves for the appointment of a receiver. The merits of the case were not discussed on the motion, as the time for the defendants to put in their answers to the bill had not expired, and they were not held to deny by affidavit the allegations of fact in the bill. The only question argued was, whether, in view of the injunction issued by the court, and the status of the property in the hands of Burritt and Sheffield, the voluntary assignees, the safety of such property and the interests of the parties, whoever in the end might be entitled to it, required that a receiver should be appointed. The voluntary assignees produced a statement of the present condition, in their hands, of the property assigned to them, and showed that they had, in pursuance of an order of a

state court of New York, given, under a statute of that state, security for the performance of their trust as assignees, in the sum of $320,-000. The plaintiff showed, by his affidavit, that there is in the hands of Francis Skiddy, as asignee in bankruptcy of the Place Sugar Refinery, a large sum of money, consisting of dividends upon an indebtedness due from the Place Sugar Refinery to the bankrupts, and that the payment of such dividends is withheld by said Skiddy, on account of the conflicting claims thereto of the plaintiff and of the defendants Burritt and Sheffield; and also, that George F. Gilman is indebted to the bankrupts in the sum of from fifteen to twenty thousand dollars, payment of which he has withheld on account of such conflict; and that he, the plaintiff, believes that the estate of the bankrupts will suffer loss and depreciation, unless a receiver is appointed to collect the said and other demands. The statement produced by the voluntary assignees shows that the property in their hands consists of $55,000 of cash, in currency, which is deposited with the United States Trust Company, on interest; $40,000 cash, in currency, loaned to Gibson, Beadleston & Co., of New York, on $40,000 of United States bonds, which are deposited with the Long Island Safe Deposit Company, of Brooklyn; $12,510.02 of cash, in currency, which is loaned temporarily on notes secured by deposit of merchandise; $6,718.55 cash, in gold, on special deposit in bank; 1,-463 bags and packages of coffee, stored in New York and Salem, valued at $14,222.11, gold; 922 packages and bags of ginger, stored in New York, valued at $6.658.21, gold; 157 half chests of tea, valued at $3,280.55, gold; sundry shares of bank stock and insurance company scrip, valued at $17,820; the claim against the Place Sugar Refinery, amounting to $56,807.28; the claim against Gilman, amounting to $15,682.45; $84,570.03 of debts, due in currency, put down as worthless; $23,-563.99 of debts, due in currency, put down as doubtful or disputed; $55,670.93 of debts, due in gold, put down as doubtful or disputed; $31,811.90 of debts due in currency, put down as due from debtors who have gone into bankruptcy, other than the debt due from the Place Sugar Refinery; $201.75, due in gold, from a debtor who has gone into bankruptcy; $54,983.82 of debts, due in currency, other than the debt from Gilman, and $3,466.75, due in gold, which are not put down under any one of the above heads, $455.00 of the $54,-983.82 being stated to be secured, $1,992.61 of the same being stated to be in the hands of attorneys for collection, $3,929.31 of the $23,-563.99 being stated to be in suit, and the amount due from Gilman being stated to have been ordered by a state court of New York to be deposited in such court, in a suit brought against Gilman by the said voluntary assign-

ees to recover the amount. The above are assets of both of the bankrupts jointly. In addition, there are in the hands of the voluntary assignees, assets of the bankrupt Place, individually, to the nominal amount of $5,420.75, and assets of the bankrupt Sparkman, to the nominal amount of $79,015.62.

On the foregoing facts, it is apparent that the appointment of a receiver is not only proper, but necessary. By the injunction granted by this court, on the bill, and which the defendants have not moved to vacate or modify, the voluntary assignees are restrained from, in any manner, interfering with the property in question. They, therefore, cannot lawfully collect any of the debts, or realize any of the assets; nor can they meddle with the property, even to secure it from loss. The fact that they have loaned a portion of the money in their hands, on notes secured by a deposit of merchandise, shows that they are improper custodians of trust money. No trustee has a right to make such an investment of trust funds. The security which they have given, under the state law of New York, is not available in this court; and, notwithstanding the injunction, they have full power over the funds and property in their hands. A receiver who will represent the conflicting titles to the property, ought to be put into possession of it, that he may effectually collect all the debts which are collectible, and sell, if necessary, with a clear title, the merchandise on hand. The receivership ought to be extended over all the moneys and property named in the statement of the voluntary assignees, as well the money on deposit in the United States Trust Company, as the other money and property. The $52,510.02 loaned, ought to be called in, and be, with the $55,000 and the $6,718.55 gold, deposited in the United States Trust Company, by the receiver, to the credit of this cause, on interest, subject only to the order of this court. As to the residue of the property, the receiver must give adequate security, in an amount to be fixed, on notice to all parties, for the faithful discharge of his duties; and he must be required to deposit his collections in the United States Trust Company, on interest, as fast as they reach an amount to be fixed in the order. The appointment of the plaintiff as receiver is asked for by creditors of the bankrupts, of high business standing and worth, and he will, accordingly, be appointed.

[NOTE. Subsequently certain funds in the hands of the receiver were ordered distributed. Case No. 12,623. The court decreed that the settlement made by James K. Place upon his wife of the real estate of Fifth avenue and the furniture therein was valid as against the creditors. Id. 12,620. This decree was, upon appeal to the circuit court, reversed upon this point, and affirmed upon other points. Id. 12,-621.]